# Adam Scheidt Brewing Company *v.* Schuster, Appellant.

*Sheriff's sales — Real estate — Sale under alias writ — Hotel property.*

A sheriff's sale of real estate will not be set aside because the alias writ under which the real estate was sold was issued before the return of the original writ under which there had been a sale of personal property, where it appears that seven weeks elapsed between the issuing of the alias writ and the sale, and the court below was not satisfied by the testimony that the defendant in the action had not known of the irregularity and had not purposely refrained from objecting to it until after the sale, and it further appears that no offer of a better bid at another sale was made, and the court below distinctly found that there was nothing before it to justify a conclusion that there was inadequacy of price.

Argued April 1, 1913. Appeals, Nos. 31 and 73, Jan. T., 1913, by defendant, from judgment of C. P. Bucks Co., Dec. T., 1912, No. 2, in case of Adam Scheidt Brewing Company v. John Schuster. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Alias fieri facias sur judgment. Before RYAN, P. J.
The opinion of the Supreme Court states the case.

*Errors assigned* were in discharging the rule to show cause why the sheriff's sale should not be set aside and in dismissing the exceptions to the sheriff's sale and acknowledgment to deed therefor.

*Isaac J. Vanartsdalen,* with him *J. Ralphus Freed,* for appellant.

*Harmon Yerkes,* of *Yerkes, Ross & Ross,* for appellee.

PER CURIAM, April 14, 1913:

These appeals are from an order discharging a rule to show cause why a sheriff's sale of real estate should not be set aside and from an order dismissing exceptions to the acknowledgment and delivery of a sheriff's deed. They arise from the same facts, were heard together in the Common Pleas and argued together here. The main contention of the appellant is based on the fact that the alias writ under which the real estate was sold was issued before the return of the original writ under which there had been a sale of personal property. The court properly held that this was an irregularity of which the defendant might take advantage but that it was his duty to act promptly. Seven weeks elapsed between the issuing of the alias writ and the sale and the court was not satisfied by the testimony that the defendant had not known of the irregularity and had not purposely refrained from objecting to it until after the sale. The sale of the liquor license and the bars on the original writ were set aside for the reason that the former was not subject to execution and the latter was a part of the realty. It did not appear that their sale had injuriously affected the value of the real estate. No offer of a better bid at another sale was made and the court distinctly found that there was nothing before it to justify a conclusion that there was inadequacy of price.

The appeals are dismissed and the orders appealed from are affirmed at the cost of the appellant.